Filed 8/28/24  P. v. Stricklin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>MAGDALENA DANIELLE STRICKLIN,<br><br>　　　　Defendant and Appellant. | C098488<br><br>(Super. Ct. Nos. 22CF04103,<br>22CF04186, 22CF04193,<br>22CF04198) |

To resolve four separate criminal matters, defendant Magdalena Danielle Stricklin stipulated to an aggregate 10-year four-month split prison term.  Her plea agreement included a stipulated upper-term sentence on one of her convictions and provided that she would serve a portion of her sentence in the county jail and the remainder on mandatory supervision.  After being released on mandatory supervision, she admitted multiple violations of the terms of her release.  The trial court terminated mandatory supervision and ordered her to serve the remainder of her sentence in county jail.

On appeal, Stricklin challenges the upper-term sentence under Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567).  That law amended Penal Code section 1170 to impose certain requirements before a trial court may impose

1

an upper term.[1] We conclude that Stricklin has forfeited her challenge because she failed to raise it with the trial court when it terminated mandatory supervision and ordered her back into custody, even though Senate Bill 567 was in effect at that time. We therefore affirm.

## BACKGROUND

This appeal arises from four different criminal matters that began in Sutter County and were later transferred to Butte County.

### I.

The first two matters involve criminal charges filed against Stricklin in April 2020. On April 1, 2020, in Butte County case No. 22CF04103 (Sutter County case No. CRF20-0863), the People charged Stricklin with receiving a stolen motor vehicle (§ 496d, subd. (a); count 1) and bringing contraband into a jail (§ 4573, subd. (a); count 2). A week later, she entered a conditional no contest plea to count 1 pursuant to *People v. West* (1970) 3 Cal.3d 595 in exchange for a stipulated term of probation with 45 days in county jail. The court dismissed count 2 with a waiver under *People v. Harvey* (1979) 25 Cal.3d 754. Stricklin was released on her own recognizance pending sentencing.

Less than a week later, on April 14, 2020, Stricklin was charged in Butte County case No. 22CF04186 (Sutter County case No. CRF20-0961) with vehicle theft (Veh. Code, § 10851, subd. (a); count 1), possession of a tear gas weapon (§ 22810, subd. (a); count 2), driving under the influence of a drug (Veh. Code, § 23152, subd. (f); count 3), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 4), and possession of controlled substance paraphernalia (Health & Saf. Code, § 11364, subd. (a); count 5). With respect to count 1, the prosecution alleged an on-bail enhancement. (§ 12022.1.)

---

[1] Undesignated statutory references are to the Penal Code.

On April 22, 2020, Stricklin entered a conditional no contest plea to counts 1 and 3 pursuant to *People v. West*, and she admitted the attached on-bail enhancement in exchange for probation. The remaining counts were dismissed with a *Harvey* waiver.

In May 2020, the trial court sentenced Stricklin concurrently in both cases. It placed her on formal probation for three years in each case with various terms and conditions, including serving 120 days in jail

II.

In August 2020, the People charged Stricklin in two additional criminal matters. On August 4, 2020, in Butte County case No. 22CF04193 (Sutter County case No. CRF20-1841), Stricklin was charged with two counts of vehicle theft (Veh. Code, § 10851, subd. (a); counts 1 and 2), resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1); count 3), petty theft (§§ 484, 490.5; count 4), and possession of controlled substance paraphernalia (Health & Saf. Code, § 11364, subd. (a); count 5). For counts 1 and 2, it was alleged, pursuant to section 666.5, that she had prior auto-theft related convictions for violating section 496d in case No. 22CF04103 and/or Vehicle Code section 10851 in case No. 22CF04186. A second enhancement was later added to count 1, alleging that Stricklin committed the offense while released on bail or on her own recognizance. (§ 12022.1.)

Based on these alleged offenses, probation also filed a petition for violation of probation in case No. 22CF04103 and case No. 22CF04186, alleging multiple violations.

On August 21, 2020, Stricklin was charged in an additional criminal matter, Butte County case No. 22CF04198 (Sutter County case No. CRF20-1969). The charges included receiving a stolen motor vehicle (§ 496d, subd. (a); count 1), vehicle theft (Veh. Code, § 10851, subd. (a); count 2), and hit and run driving resulting in property damage (Veh. Code, § 20002, subd. (a); count 3). For counts 1 and 2, the People alleged that she committed the offense while released on bail or on her own recognizance (§ 12022.1) and that she had previously been convicted in violation of section 496d, subdivision (a). (§ 666.5.)

3

On October 16, 2020, Stricklin pleaded no contest in both cases. In case No. 22CF04193, she pleaded no contest to counts 1 and 2, admitted the on-bail enhancement added to count 1, and admitted the auto-theft prior enhancement attached to count 2 under section 666.5. In case No. 22CF04198, she pleaded no contest to count 2 and admitted the section 666.5 prior theft conviction enhancement. Stricklin also admitted that she violated probation in the two earlier cases (case Nos. 22CF04103 and 22CF04186).

In exchange, the parties stipulated to a 10-year four-month split term for all four cases. Under the terms of the agreement, Stricklin would serve three years in county jail (§ 1170, subd. (h)), which could be modified to a residential treatment program after serving two years in custody (one actual year), and 7 years 4 months on mandatory supervision. She further agreed that if she violated the terms of her mandatory supervision, the court could order her to serve the balance of her mandatory supervision period in the county jail.

Under the agreement, Stricklin expressly waived her right to a jury trial on any sentencing factors that could be used to increase her sentence. The remaining counts and allegations were dismissed.

The same day that Stricklin agreed to the plea arrangement, the trial court sentenced her to the stipulated 10-year four-month term, which included the upper term of three years for the count 1 vehicle theft offense in case No. 22CF04193, consecutive terms of one year each (one-third the midterm) for the count 2 vehicle theft with prior convictions in case No. 22CF04193 and case No. 22CF04198, respectively, and eight months each (one-third the midterm) for the count 1 buying or receiving stolen property conviction in case No. 22CF04103 and the count 1 vehicle theft conviction in case No. 22CF04186. The court imposed two years each for the on-bail enhancements in case Nos. 22CF04193 and 22CF04186.

In June 2021, Stricklin was released from local custody to complete a six-month treatment program at the Salvation Army. She successfully completed the program in December 2021 and remained on mandatory supervision in Sutter County.

In July 2022, all four of Stricklin's cases were transferred from Sutter County to Butte County. In September 2022, the Butte County court accepted the transfer and advised Stricklin of the terms and conditions of mandatory supervision in Butte County. Stricklin (with appointed counsel) accepted the Butte County terms and conditions of mandatory supervision with certain modifications not relevant here.

III.

In November 2022, Butte County probation filed a petition for violation of mandatory supervision. The trial court summarily revoked mandatory supervision in December 2022. In February 2023, a first amended petition for violation of mandatory supervision was filed, and Stricklin admitted three alleged violations.

Before sentencing Stricklin on the supervision violations, the trial court referred the matter to probation for a supplemental probation report. The supplemental report recommended that the court deny reinstatement on mandatory supervision and sentence Stricklin to county jail to serve the remainder of her term.

At a hearing in March 2023, the trial court received and considered the supplemental probation report as well as certified records of Stricklin's prior convictions. Stricklin's counsel asked the court to adopt probation's recommendation to terminate mandatory supervision and order Stricklin to serve the remainder of her prison term in county jail. The court agreed with probation's recommendation, declined to reinstate mandatory supervision, terminated supervision, and sentenced her to county jail for the remainder of her prison term.

Stricklin filed a notice of appeal. The trial court denied her request for a certificate of probable cause.

5

## DISCUSSION

Stricklin contends that her case should be remanded for resentencing because the trial court imposed the upper term on her count 1 vehicle theft conviction (Veh. Code, § 10851, subd. (a)) in case No. 22CF04193 without stating any reasons for imposing a sentence above the middle term as Senate Bill 567 now requires. Senate Bill 567 limits a trial court's ability to impose an upper-term sentence unless there are aggravating circumstances that justify a term exceeding the middle term and the facts underlying those aggravating circumstances are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or relate to the defendant's prior convictions and are based on a certified record of conviction. (§ 1170, subd. (b)(1)-(3).) In addition, the enactment creates a presumption in favor of the low term if certain enumerated mitigating factors are present. (*Id.*, subd. (b)(6).) As amended, section 1170 also requires trial courts to state on the record "the facts and reasons for choosing the sentence imposed." (*Id.*, subd. (b)(5).) Stricklin argues that, after Senate Bill 567, the three-year upper term she agreed to on count 1 is no longer authorized because she did not stipulate to any circumstances in aggravation, and no aggravating circumstances were found true by a trier of fact. She acknowledges that appellate courts are divided on whether Senate Bill 567 applies to upper-term sentences stipulated to in a plea agreement.[2]

We need not address this question, however, because Stricklin forfeited her challenge to the upper-term sentence by failing to raise it below. In 2020, when Stricklin initially pleaded no contest to count 1 in case No. 22CF04193 and was sentenced to a stipulated split upper-term sentence, a portion of which was to be served on mandatory supervision, Senate Bill 567 had not yet been enacted. Thus, she could not have objected based on Senate Bill 567 at that time.

---

[2] Our Supreme Court has granted review in *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted December 14, 2022, S277314, to decide whether Senate Bill 567 applies retroactively to defendants sentenced pursuant to stipulated plea agreements.

But in March 2023, when the trial court terminated mandatory supervision and ordered execution of the remainder of her stipulated 10-year four-month sentence in county jail, Senate Bill 567 had been in effect for more than a year.  (Stats. 2021, ch. 731, § 1.3.)  At that hearing, Stricklin did not argue that her stipulated upper-term sentence failed to comply with Senate Bill 567's new sentencing requirements; nor did she object that the court failed to state reasons for imposing the stipulated upper term.  Rather, Stricklin's counsel asked the court to impose the sentence that she now challenges:  to terminate mandatory supervision and order Stricklin to serve the remainder of her sentence in county jail, as the supplemental probation report recommended.

The absence of an objection based on Senate Bill 567 forfeits the issue on appeal. Our Supreme Court has made clear that defendants must timely object in order to preserve for appeal claims that a trial court did not properly make or articulate its discretionary sentencing choices.  (*People v. Scott* (1994) 9 Cal.4th 331, 353.)  "[C]laims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner."  (*Id.* at pp. 353-354 [forfeiture principle applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons"].)  Here, Stricklin argues that the trial court failed to follow the procedures of Senate Bill 567 and articulate reasons for imposing the stipulated upper term.  She seeks a full resentencing hearing at which the trial court would be required to state reasons for imposing a sentence above the middle term.  Under *Scott*, the failure to object to a sentence on these bases forfeits the issue on appeal.  (*Scott*, at p. 353.)

The decision in *People v. Achane* (2023) 92 Cal.App.5th 1037 is instructive.  In that case, before Senate Bill 567 took effect, the trial court imposed an upper-term prison sentence with execution suspended and placed the defendant on probation.  (*Achane*, at p. 1039.)  The defendant repeatedly violated probation and pleaded guilty in several

additional criminal matters.  (*Id.* at p. 1040.)  After Senate Bill 567's effective date, the trial court revoked probation and ordered execution of the previously suspended sentence.  (*Achane*, at pp. 1040-1041.)

The First District Court of Appeal concluded that the defendant had forfeited his appellate claim that the upper-term sentence failed to comply with newly enacted Senate Bill 567 because he did not object on that basis when the trial court executed his sentence.  (*People v. Achane*, *supra*, 92 Cal.App.5th at pp. 1041-1043.)  The court reasoned that the defendant "could have asked the trial court at the sentencing hearing on July 28, 2022, to apply the section 1170 amendments retroactively to the 2020 upper term sentence, but he did not do so," thereby forfeiting the issue.  (*Achane*, at p. 1043.)

Here, too, Stricklin could have asked the trial court at the March 2023 hearing to apply Senate Bill 567's amendments to her sentence.  She did not do so.  Instead, she agreed that the court should terminate mandatory supervision and execute the remainder of the stipulated sentence, which included the upper term she now challenges.  Nor does she argue on appeal that asserting an objection based on Senate Bill 567 would have been futile.  Stricklin has therefore forfeited her current appellate challenge.

### DISPOSITION

The judgment is affirmed.


                    /s/_____
                    FEINBERG, J.

We concur:

/s/_____
EARL, P. J.


/s/_____
ROBIE, J.

8